IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00584-BNB

JERRY L. MASKE,

    Plaintiff,

v.

THE PETERS LAW FIRM,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint. On March 24, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Maske to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Maske filed an Amended Complaint on April 28, 2009.

The Court must construe the Amended Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must construe Mr. Maske's pleadings liberally, the pleadings must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994),

***cert denied***, 513 U.S. 1090 (1995). For the reasons stated below the action will be dismissed.

The Court has reviewed the Amended Complaint and finds that Mr. Maske again has failed to comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In the Amended Complaint, Mr. Maske asserts that his claims are asserted pursuant to Title III of the Americans with Disabilities Act (ADA) of 1990. He further asserts that he has been diagnosed by medical professionals as having a disability but not as being mentally ill. Mr. Maske claims that under the ADA it is illegal for individuals, the courts, and law enforcement agencies to stereotype his disability as

mental illness. He contends that his rights under the ADA have been violated because Charley Peters entered a plea on his behalf in two criminal cases, one in the City of Aurora and the other in the City of Denver, that resulted in a criminal conviction and sentencing of a one-year probation. Mr. Maske also appears to assert that due to fraud on his bank account he was not able to pay Mr. Peters for his representation and that Mr. Peters withdrew from his cases because he stereotyped Mr. Maske as mentally ill and dangerous. Mr. Maske seeks money damages.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Mr. Maske's claims are inappropriate under Title III of the ADA. Mr. Maske's only argument is that because his attorney and the municipal courts stereotyped him as having a mental illness he has been placed on a one-year probation by the municipal courts. Mr. Maske's reliance on Title III for a stereotyping claim is misplaced. The intent of the ADA is not to waive sentences in a criminal proceeding that is imposed based on illegal conduct. Furthermore, Title III limits the remedy of a private claim to injunctive relief. 42 U.S.C. § 12188(a)(1).

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Maske fails to assert proper jurisdiction for this Court to consider his claims and to show that

he is entitled to the relief he seeks. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00584-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk